896 A.2d 1100

IN THE MATTER OF MARC A. CALELLO, AN ATTORNEY AT LAW (ATTORNEY NO. 017221989).

May 10, 2006.

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–304, concluding that **MARC A. CALELLO** of **NUTLEY,** who was admitted to the bar of this State in 1989, should be suspended from the practice of law for a period of three months for violating *RPC* 1.2 (scope of representation), *RPC* 1.4 (failure to communicate with the client), *RPC* 1.5(c) (improper contingent fee agreements), *RPC* 1.7(a), (b) and (c)(2) (conflict of interest with a client), *RPC* 1.9 (conflict of interest with a former client), *RPC* 1.15(a), (b) and (c) (failure to safeguard client property), *RPC* 8.4(a) (violation of *Rules of Professional Conduct* ), and *RPC* 1.15(d) and *Rule* 1:21–6 (recordkeeping deficiencies);

And the Disciplinary Review Board having concluded that prior to reinstatement to practice, respondent should submit proof that he has successfully completed the Skills and Methods Core Courses offered by the Institute for Continuing Legal Education and a course in law office management;

And the Disciplinary Review Board having further concluded that on reinstatement to practice, respondent should be required to submit to the Office of Attorney Ethics quarterly reconciliations of his attorney trust account until such time as the Office of Attorney Ethics deems it unnecessary;

And good cause appearing;

It is ORDERED that **MARC A. CALELLO** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective June 5, 2006; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit to the Office of Attorney Ethics proof that he has successfully completed the Skills and Methods Core Courses offered by the Institute for Continuing Legal Education and a course in law office management; and it is further

ORDERED that on reinstatement to practice, respondent shall provide to the Office of Attorney Ethics quarterly reconciliations of his attorney trust account until such time as the Office of Attorney Ethics deems it unnecessary, and until the further Order of the Court; and it is further

ORDERED that **MARC A. CALELLO** comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.